FILED: **5/26/20**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

FAKRI ABDEL-MALAK, on behalf of himself,
        Plaintiff,

VS.                                CAUSE NO.: **4:20cv435-SDJ-KPJ**

PHIL SMITH, PLLC,
d/b/a, SMITH & SMITH LAW FIRM,
domestic limited liability company (LLC),
and PHIL SMITH
        Defendants.

**VERIFIED COMPLAINT FOR VIOLATION
OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq.;
AND DEMAND FOR JURY TRIAL**

    Plaintiff FAKRI ABDEL-MALAK, Pro Se Litigant and on behalf of himself, brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA") against Defendants PHIL SMITH, PLLC, d/b/a SMITH & SMITH LAW FIRM, domestic limited liability company, and PHIL SMITH, and alleges and states as follows:

**INTRODUCTION**

1. Plaintiff worked for Defendant, a business entity engaging in the practice of law and services ancillary to that professional service, as a legal assistant. He regularly worked at average from 25 to 38 hours of overtime per week, for an average total of 2920 hours of overtime during his employment with Defendants. Nevertheless, Defendants never paid Plaintiff for any hours he worked in excess of 40 hours each week. In total, Defendants owe Plaintiff $50,101.00 in unpaid overtime wages. Plaintiff seeks a judgment for overtime owed, interest liquidated damages, punitive damages, and other relief.

## PARTIES

2. Plaintiff Fakri Abdel-Malak (hereinafter "Plaintiff") is a citizen of the state of Texas, residing at 344 Azalea Ln., Sulphur Springs, Texas 75482, which is within the territorial limits of the United States District Court for the Eastern District of Texas, Sherman Division. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the definitions of §3(e) of the FLSA, 29 U.S.C. §203(e).

3. Defendant PHIL SMITH, PLLC, d/b/a SMITH & SMITH LAW FIRM, (hereinafter "Smith & Smith") is a domestic limited liability company licensed in Texas and located at 300 Oak Avenue, Sulphur Springs, Texas 75482, which is within the territorial limits of the United States District Court for the Eastern District of Texas, Sherman Division.  Smith & Smith is and was at all times relevant to this Complaint an "employer" and an "enterprise engaged in the practice of law and services ancillary to that professional service.

4. Defendant Phil Smith is President and Governing Person of Smith & Smith and resides within the territorial limits of the United States Court for the Eastern District of Texas, Sherman Division. Defendant Phil Smith is and was at all times relevant to this Complaint an "employer" within the definitions of §3(d) of the FLSA, 29 U.S.C. §203(d).

## CONDITIONS PRECEDENT

5. Plaintiff has performed all conditions precedent to his employment with Defendants to receive the payment of his overtime wages. Plaintiff's consent to be in this lawsuit, as required by §16(b) of the FLSA, 29 U.S.C. §216(b), is attached to this Complaint as Exhibit A.

## JURSIDICTION

6. This is an action for damages and for declaratory relief, under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid

overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable future attorney's fees and costs and other relief.

7. This Court has jurisdiction pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b), and under §1331 of the Judicial Code, 28 U.S.C. §1331.

## VENUE

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as, on information and belief, all Defendants reside in this District and the facts giving rise to this cause of action occurred in this District and Defendant maintains an office and regularly conducts business in this Judicial District

## EVENTS

9. Plaintiff worked for Smith & Smith from September 11, 2013 through his date of termination on August 8, 2018, as a legal assistant.

10. From January 1, 2016 through December 30, 2016, Defendants paid Plaintiff a salary of $40,731 per year, broke down to $1697 gross per pay period, the equivalent of $21.21 per hour.

11. From January 1, 2017 through August 7, 2018, Defendants paid Plaintiff a salary of $44,811 per year, broke down to $1867 gross per pay period, the equivalent of $23.33 per hour.

12. FLSA §1620.33(b) limits the Plaintiff from asking for recovery of overtime wages due to two years. For this purpose, Plaintiff will only go back two years from date of termination of August 8, 2018 back tracking to August 7, 2016.

August 2016 to December 2016

13. Between August 2016 and December 2016, Plaintiff worked Monday thru Friday from 5:00 a.m. to 6:00 pm., for a total of ten pay periods calculated semi-monthly, paid on the 15th and 31ST, 20 weeks, for an average total of 592 hours of overtime. As a salaried employee, Plaintiff made $40,731 per year, $1696 gross per pay period, equivalent of $21.21 / 2= $10.60 per hour X 592 (total over time) X 1.5 = $9,412.00 overtime owed.

14. Between August 2016 and December 2016, to the best of his knowledge and belief, Plaintiff worked Saturdays and some Sundays, but for the purpose of simplifying the calculations he will not account those overtime hours worked, but reserves the right to do so at a later time.

January 2017 to August 2018

15. Between January 2017 and August 2018, Plaintiff worked Monday thru Friday from 5:00 a.m. to 6:00 pm., for a total of 38 pay periods calculated semi-monthly, paid on the 15th and 31ST, 77 weeks, for an average total of 2328 hours of overtime. As a salaried employee, Plaintiff made $44811 per year for that period of time, $1867 gross per pay period, equivalent of $23.33 / 2= $11.66 per hour X 2328 (total over time) X 1.5 = $40,716.72 overtime owed.

16. Between January 2017 to August 2018, to the best of his knowledge and belief, Plaintiff worked Saturdays and some Sundays, but for the purpose of simplifying the calculations he will not account those overtime hours worked, but reserves the right to do so at a later time.

Request for Overtime Wages

17. Plaintiff never received paycheck stubs reflecting any of the hours he worked, including overtime hours. Plaintiff is ignorant of the labor laws not knowing that as a nonexempt employee he was owed overtime pay for hours worked over 40 hours per week.

18. After learning that the Plaintiff was owed overtime pay, on May 1, 2020, Plaintiff made his first initial contact with the Department of Labor and reported his previous employer Smith & Smith Law Firm of this egregious mistake. On May 5, 2020, the Department of Labor case handler contacted Plaintiff for more information. On May 12, 2020, the Department of Labor case handler called Plaintiff and notified him that she had talked with Phil Smith and he had informed her that I was an exempt employee and that he refused to pay overtime owed. After being assured by the Department of Labor case handler that as a legal assistant Plaintiff was considered to be a nonexempt employee, Phil Smith insisted that Plaintiff was exempt and repeated to her that he was not going to pay any overtime owed.

19. Plaintiff does not have or possess an advanced specialized academic degree, nor has he received any specialized academic training for him to be a legal assistant. Furthermore, Plaintiff does not perform work requiring advanced knowledge in the legal profession. All work Plaintiff performs as a legal assistant is done under the supervision of the attorneys in the law firm. Plaintiff's job duties consist of eFiling documents with the courts, coordinating hearing dates with the courts, setting up appoints with clients, keeping clients informed by maintaining contact, drafting correspondence to the courts and clients, keeping cases organized by establishing and organizing files, preparing and forwarding subpoenas as directed, preparing and filing discovery requests as directed, all work performed by Plaintiff is submitted to the attorneys for review and approval.

Plaintiff has absolutely no authority to sign off on any paperwork he was assigned to do. Only the attorneys had the final sign-off authority.

### DEMAND FOR RELIEF FOR FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA, 29 U.S.C. §201 et seq., AGAINST ALL DEFENDANTS

20. Plaintiff restates and realleges paragraphs 1-19 of this Complaint as paragraph 20 of this Count 1.

21. By virtue of the foregoing, Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201 et seq., by failing to pay Plaintiff overtime for all hours worked in excess of 40 hours per week.

22. Defendants were aware Plaintiff performed nonexempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

23. Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

24. Defendants failed to post required FLSA informational listings as required by the FLSA.

25. Defendants' conduct was in reckless disregard of the overtime requirements of the FLSA.

26. Defendants willfully violated the FLSA.

27. As a result of these violations, Plaintiff suffered pecuniary losses.

28. Defendants were aware that the FLSA applied to them or showed reckless disregard as to whether or not FLSA applied to them, and their violations were willful and wanton, warranting the imposition of liquidated damages.

29. Plaintiff demands a trial by jury.

**WHEREFORE, Plaintiff prays that this Court:**

(1) Order Defendants to produce all records of all hours worked by Plaintiff and of all compensation received by him for the term of his employment;

(2) Enter judgment in favor of Plaintiff in the amount shown to be due for the Defendants' failure to pay overtime, plus liquidated damages in an equal amount;

(3) Enter judgment against Defendants for Plaintiff's reasonable future attorney's fees, expenses, and the costs of this action; and

(4) Award Plaintiff such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increasing the cost of litigation, (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for future investigation or discovery, and (4) the complaint otherwise complies with the requirements of Rule 11.

I also agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Respectfully submitted,

Fakri Abdel-Malak
344 Azalea Ln.
Sulphur Springs, Texas 75482
Cell: 903-440-1241
Email: abdelmalak.fakri@yahoo.com

Signed on this 26th of May 2020

*Fakri Abdel-Malak*

_____

Fakri Abdel-Malak, Plaintiff,
 Pro Se Litigant

## **VERIFICATION**

By signing this Complaint, I verify under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

Executed this 26th day of May 2020

By: *Fakri Abdel-Malak*
Fakri Abdel-Malak, Pro Se Litigant

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FAKRI ABDEL-MALAK, on behalf of himself,
                Plaintiff,

VS.                                              CAUSE NO.: _____

PHIL SMITH, PLLC,
d/b/a, SMITH & SMITH LAW FIRM,
domestic limited liability company (LLC),
and PHIL SMITH
                Defendants.

**CONSENT TO BE A PLAINTIFF IN A FAIR LABOR STANDARDS ACT LAWSUIT**

1) I understand that this lawsuit is being brought pursuant to the Fair Labor Standards Act and other laws. I hereby consent to be a Plaintiff in this lawsuit. I understand that in signing and filing this Consent, I will be bound by any settlement of or judgment in this lawsuit.

Agreed:

*Fakri Abdel-Malak*
_____
Fakri Abdel-Malak, Pro Se Litigant

**EXIBIT 'A'**